UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:26-cv-00141-MOC
[CRIMINAL CASE NO. 1:15-cr-00097-MOC-WCM-1]

| | | |
|---|---|---|
| **KEVIN WAYNE VANOVER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondents.** | ) | |
| | ) | |

**THIS MATTER** comes before the Court on Petitioner's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e). [CV Doc. 4].[1]

## I. BACKGROUND

Petitioner Kevin Wayne Vanover ("Petitioner") was found guilty by a jury of one count of aiding and abetting the possession with intent to manufacture a controlled substance in violation of 18 U.S.C. §§ 841(a)(1) and 2 (Count One), one count of being a felon-in-possession of firearms and ammunition in violation of 18 U.S.C. § 922(g)(1) (Count Two), and one count of possession of unregistered firearms in violation of 21 U.S.C. §§ 5841, 5861(d), and 5871 (Count Three). [CR Doc. 1: Bill of Indictment; CR Doc. 83: Jury Verdict].

The Court sentenced Petitioner to concurrent terms of imprisonment of 70 months on each count and to a four-year term of supervised release on Count One and three-year terms on Counts

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 1:26-cv-00141-MOC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 1:15-cv-00097-MOC-WCM-1.

Two and Three with all terms running concurrently. [CR Doc. 141 at 2-3: Judgment]. Petitioner's term of supervised release began on November 13, 2020. [CR Doc. 185 at 1: US Probation Petition].

On May 21, 2024, Petitioner's probation officer filed a petition for a warrant for Petitioner's arrest for a new law violation after a machine gun was found in Petitioner's residence in violation of 18 U.S.C. § 922(o). [CR Doc. 185]. Petitioner was arrested the same day and detained pending further proceedings. On May 23, 2024, Petitioner's probation officer filed a Second Addendum to the Probation Petition providing additional documentation regarding Petitioner's adjustment to supervision and officer intervention, including information regarding and the substance of concerning social media posts of which the probation officer became aware in May of 2023. [CR Doc. 191 at 3: Second Addendum to Probation Petition].

On July 29, 2024, the Court held the Petitioner's final supervised release revocation hearing where Petitioner admitted to the new law violation. [CR Doc. 208 at 1: Revocation Judgment]. The Court sentenced Petitioner to a term of seven months for this violation. [Id. at 2]. Petitioner was released from custody on or about December 2, 2024, and subsequently re-detained on March 13, 2025, following additional probation violations. [See CR Doc. 212: US Probation Petition]. After his release on bond, Petitioner later admitted to these violations and was ordered to complete the applicable term of supervised release, which it appears he has done. [CR Doc. 225 at 1-2: Second Revocation Judgment].

On May 15, 2026, Petitioner filed a Petition for a Writ of Coram Nobis pursuant to 28 U.S.C. § 1651(a), in which he asked the Court to vacate the July 2024 Revocation Judgment. [CV Doc. 1; CR Doc. 226]. Petitioner argued that certain records that identify him as a violent person, a sovereign citizen threat to law enforcement, and a person having made threats to harm or kill law

enforcement were used "directly or indirectly" in connection with the July 2024 supervised release revocation proceedings and "tainted" the Revocation Judgment.[2] [Id. at 1-2]. Petitioner argued that he was denied a fair opportunity to contest the factual basis for the revocation because his attorney failed to challenge these records. [Id. at 2]. He also asserted that the Revocation Judgment remains in place even though the NCIC alert on the Petitioner was recently removed. [Id. at 2; see Doc. 226-3].

On July 10, 2026, this Court denied Petitioner's Petition for Writ of Error Coram Nobis. [CV Doc. 2]. The Court concluded that even if Petitioner could satisfy the first three elements for coram nobis relief, he failed to satisfy the fourth element by showing an error of the most fundamental character. [CV Doc. 2 at 4]. The Court explained that:

> [t]he recent removal of the NCIC alert on the Petitioner by the Sheriff of Cherokee County does not undermine the Revocation Judgment, which was based on Petitioner's admitting to having possessed a machine gun in his home. While the Second Addendum referenced the social media posts and related concerns found in the SBI Intelligence Workup, Petitioner presents nothing undermining the Workup or demonstrating that the Government's alleged use of it or the Court's putative consideration of it at or before the revocation proceedings invalidated the challenged Revocation Judgment. In this regard, Petitioner's complaint regarding his attorney failing to obtain the transcript of the revocation proceedings does not advance his cause. Moreover, even if Petitioner had shown an error of the most fundamental character, which he has not, the Court would decline to exercise its discretion to grant coram nobis relief under the circumstances here.

---

[2] As previously noted, these records include an National Crime Information Center (NCIC) Violent Person File (VPF) and a May 23, 2023 SBI ISAAC Intelligence Workup on the Petitioner. [CR Docs. 226-3, 226-4]. The SBI Intelligence Workup appears to contain the concerning social media posts described in the Second Addendum to the relevant Probation Petition. [See CR Doc. 226-4 at 6-9; CR Doc. 191 at 3]. The VPF was created by the FBI to house information on violent individuals with a propensity for violence against law enforcement. In its Order denying the Petition, the Court noted that it appeared that Petitioner's VPF was issued in November 2020 by the Cherokee County Sheriff's Office at or around the time that Petitioner began serving his term of supervised release. [See CR Doc. 226-3 at 2-3].

[Id. at 4-5].

On August 4, 2026, Petitioner filed the pending motion to alter or amend judgment under Rule 59(e). [CV Doc. 4]. As grounds, Petitioner contends that the Court erred in observing that it appeared that the VPF was issued in November 2020. [Id. at 1-3]. Petitioner argues that "the VPF record already before the Court identifies a May 24, 2023 entry," and that "[t]he incorrect date therefore affected the Court's consideration of causation, reliance, and whether the challenged intelligence was connected to the revocation process." [Id. at 4].

Petitioner also propounds "post-judgment evidence" of email exchanges with a federal probation officer on July 27 and 28, 2026, which reflect that the officer did not locate the VPF or the related Workup after a "cursory" review of Petitioner's case file in response to Petitioner's preservation requests. [Id. at 1-2]. Petitioner also complains that the Court should have ordered the Government to respond to the Petition before dismissing it. [Id. at 1-2].

## II. STANDARD OF REVIEW

Regarding motions to alter or amend a judgment under Rule 59(e), the Fourth Circuit Court of Appeals has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. It is the moving party's burden to establish one of these grounds in order to obtain relief under Rule 59(e). Loren Data Corp. v. GXS, Inc., 501 F. App'x 275, 285 (4th Cir. 2012). The decision whether to reconsider

an order under Rule 59(e) is within the sound discretion of the district court. Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). Moreover, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

## III. DISCUSSION

Petitioner has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. Petitioner's motion does not present evidence that was unavailable when he filed his motion to vacate or accommodate an intervening change in controlling law. Furthermore, Petitioner has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708.

Rather, Petitioner contends that the Court erred in describing the apparent date of issuance of Petitioner's VPF, thereby infecting the Court's conclusion regarding the connection between the VPF and the revocation process. To begin, there appears to be no such error. [See CV Doc. 1-3 at 2-3]. The date of entry to which Petitioner refers, that is, May 24, 2023, appears to be the date of entry of a report referring to Petitioner's VPF status, not the date of issuance in the first place. Regardless, whether Petitioner was classified as VPF in November 2020 or May 2023 does not change the Court's determination of Petitioner's petition. Moreover, the intervening emails Petitioner presents to the Court do not entitle him to relief under Rule 59(e).

Because Petitioner has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted, see Hill, 277 F.3d at 708, the Court will deny Petitioner's motion.

## IV. CONCLUSION

Based on the foregoing, the Court concludes that Petitioner's Rule 59(e) motion will be denied.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) [Doc. 4] is **DENIED**.

**IT IS SO ORDERED**.

Signed: September 21, 2026

Max O. Cogburn Jr.
United States District Judge